**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TROY D. JOHNSON, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| CEDRIC TAYLOR, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-1907-WSD-RGV |

## FINAL REPORT AND RECOMMENDATION

Petitioner Troy D. Johnson, an inmate at the Baldwin State Prison in Hardwick, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his September 29, 2010, convictions in the Superior Court of DeKalb County. The matter is now before the Court on the petition, [Doc. 1], respondent's answer-response, [Doc. 10], and petitioner's reply, [Doc. 13]. For the reasons that follow, it is **RECOMMENDED** that the petition be **DENIED**.

## I. PROCEDURAL HISTORY

A DeKalb County grand jury returned a ten-count indictment against petitioner and co-defendant Abel De Juan Johnson, charging petitioner in Count One with malice murder, in Count Two with felony murder, in Counts Three through Five with aggravated assault, and in Counts Six and Seven with possession of a firearm during the commission of a crime, all in connection with the October 5, 2009, shooting death

of George Tyrones.  [Doc. 11-8 at 49-61].  On September 29, 2010, Petitioner entered a guilty plea to Counts One, Six, and Seven and received a total sentence of life plus ten years of imprisonment.  [Id at 46-48].  Count Five was nolle prossed, and the remaining charges (Counts Two through Four) merged with Count One.  [Id. at 46]. Attorneys Michael Mann and Robert Citronberg represented petitioner on these DeKalb County charges.  [Doc. 1 at 18; Doc. 1-1 at 2; Doc. 11-6 at 29-30].  Petitioner did not file a direct appeal.  [Doc. 1 at 3].

On August 11, 2011, petitioner filed a pro se state habeas corpus petition in the Superior Court of Ware County.  [Doc. 11-1].  In his state habeas petition, as amended, petitioner argued that he received ineffective assistance of counsel when counsel: (1) failed to comply with petitioner's request to file a motion to withdraw the guilty plea; (2) failed to investigate and pursue all defense strategies and did not have petitioner undergo a mental health evaluation; (3) failed to request a presentence investigation to thoroughly investigate petitioner's background and present evidence in mitigation; (4) advised petitioner to enter a guilty plea knowing that he was on prescription medication which prevented him from intelligently and voluntarily entering the plea; and (5) acted in a manner that was professionally unreasonable by "abandonment."  [Docs. 11-2 and11-3].  After conducting evidentiary hearings on January 5, 2012, and September 6, 2012, [Docs. 11-6, 11-7, and 11-8 at 1-4], the state

2

habeas court entered a written order denying the petition, [Doc. 11-4].  On May 5, 2014, the Georgia Supreme Court denied petitioner a certificate of probable cause to appeal the denial of habeas corpus relief.  [Doc. 11-5].

Petitioner timely filed this § 2254 petition, arguing that:  (1) he received ineffective assistance of counsel when Mr. Citronberg (a) failed to comply with his request to file a motion to withdraw the guilty plea, (b) failed to investigate and pursue all defense strategies, including petitioner's military background, medical history, and mental condition, (c) failed to request a presentence investigation "for potential acquisition of mitigation of punishment evidence," and (d) advised petitioner to enter a guilty plea knowing that he was on medication which prevented him from intelligently and voluntarily entering the plea, and (e) acted in a manner that was professionally unreasonable and constituted abandonment when he and Mr. Mann refused to comply with petitioner's multiple instructions to file a motion to withdraw the guilty plea; (2) the trial court violated his constitutional rights when it induced petitioner to enter a guilty plea by informing petitioner that it would accept a plea to Count One with a sentence of life imprisonment with the possibility of parole but then also imposed sentence on the two additional firearms charges (Counts Six and Seven); and (3) Mr. Citronberg provided petitioner ineffective assistance by (a) allowing him to enter a guilty plea while under the influence of Vicodin, and (b) erroneously

3

informing him that the court would run the firearms charges concurrent with the life sentence.  [Doc. 1 at 5-6, 8-13].  Respondent argues that the state habeas court's rejection of grounds (1) and (3)(a) is entitled to deference and that grounds (2) and (3)(b) are procedurally defaulted.  [Doc. 10-1 at 5-14].  Petitioner replies that the state habeas court's decision is not entitled to deference and reasserts the merits of his claims.  [Doc. 13 at 1-3; Doc. 13-1 at 7-11].  Petitioner does not deny that he failed to raise grounds (2) and (3)(b) in state court, but asserts that the procedural default doctrine does not apply to those grounds.  [Doc. 13 at 2-3; Doc. 13-1 at 11].

## II. DISCUSSION

A.   **28 U.S.C. § 2254 Standards**

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective.  Id. § 2254(b)(1).  A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318, 1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").

When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts. Id. at 412-13. In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. at 405; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

5

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case.   Williams, 529 U.S. at 413.   "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Harrington v. Richter, 562 U.S. 86, __, 131 S. Ct. 770, 785 (2011) (quoting Williams, 529 U.S. at 410) (emphasis in original).   "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." Williams, 529 U.S. at 411.   Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington, 131 S. Ct. at 786-87; see also Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application

of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable."). Additionally, the state court's determinations of factual issues are presumed correct. 28 U.S.C. § 2254(e)(1). A petitioner can overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous. Id.

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved. As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

**B.**   **Grounds (2) and (3)(b): Procedural Default**

"Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court . . . ." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). Thus, a claim not previously raised in state court is procedurally defaulted when it is clear that a state court would now find that it is "barred by [state] law" from considering the merits of the claim. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner can overcome a procedural default by showing "cause" for the default and resulting "prejudice" or that "a fundamental miscarriage of justice" will occur if the claim is not addressed. Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000). An ineffective-assistance-of-counsel claim, if both exhausted and not procedurally defaulted, may constitute cause. Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996); see also Murray v. Carrier, 477 U.S. 478, 489 (1986) ("[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."). If a petitioner has not shown cause to excuse the procedural default, a federal court need not consider whether he can demonstrate actual prejudice from the alleged constitutional violation. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Petitioner did not present to the state courts ground (2), in which he alleges that the trial court unlawfully induced him to enter a guilty plea, or ground (3)(b), in which he contends that counsel erroneously informed him that his sentence on the firearms charges would run concurrent to his life sentence. Georgia's rule against successive habeas petitions prohibits a Georgia court from considering claims in a second state habeas corpus petition that could have been raised in the first habeas petition. See O.C.G.A. § 9-14-51. Because this rule prevents a Georgia habeas corpus court from considering grounds (2) and (3)(b), they are procedurally defaulted. See Ogle v.

8

Johnson, 488 F.3d 1364, 1370-71 (11th Cir. 2007) (A claim that "could not be raised in a successive state habeas petition . . . is procedurally defaulted."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted.").

For the reasons stated hereinafter in section II.C., petitioner's exhausted ineffective assistance claims lack merit and, thus, cannot excuse the procedural default. See Murray, 477 U.S. at 489; United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (only a meritorious ineffective assistance claim "may satisfy the cause exception to a procedural bar"). Petitioner also has not alleged any other cause and resulting prejudice or a fundamental miscarriage of justice to excuse the procedural default. Accordingly, petitioner is not entitled to federal habeas relief with respect to grounds (2) and (3)(b).

## C.   **Grounds (1) and (3)(a): Assistance of Counsel**

In grounds (1) and (3)(a), petitioner faults counsel for failing to honor his requests to move to withdraw his guilty plea, not investigating or presenting a mitigating defense during sentencing, and allowing him to enter a guilty plea while

9

under the influence of Vicodin.  [Doc. 1 at 5-6, 10-11].  Petitioner presented these claims to the state habeas court.  [Docs. 11-2 and 11-3].

### 1.    Clearly Established Federal Law

In this Court's review of the state habeas court's denial of petitioner's ineffective assistance of counsel claims, "the relevant clearly established law [for purposes of 28 U.S.C. § 2254(d)] derives from Strickland v. Washington, 466 U.S. 668 (1984), which provides the standard for inadequate assistance of counsel under the Sixth Amendment."  Premo v. Moore, 562 U.S. 115, __, 131 S. Ct. 733, 737-38 (2011).  "The pivotal question" before this Court "is whether the state court's application of the Strickland standard was unreasonable."  Harrington, 131 S. Ct. at 785.  "This is different from asking whether defense counsel's performance fell below Strickland's standard."  Id.

The Strickland analysis is two-pronged.  However, a court need not address both prongs "if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.  First, a convicted defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance."  Id. at 690.  A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within

10

the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate."); see also Harrington, 131 S. Ct. at 788 ("'Surmounting Strickland's high bar is never an easy task.'" (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010))).

In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000). "[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to

establish prejudice under Strickland." Roach v. Roberts, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) (citation omitted).

When this deferential Strickland standard is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied Strickland's deferential standard.'" Johnson v. Sec'y, DOC, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting Harrington, 131 S. Ct. at 788). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id. at 911.

## 2.     Grounds (1)(a) and (1)(e): Failure to Move to Withdraw Plea

The state habeas court made the following pertinent findings of fact with respect to petitioner's claim that counsel should have honored his requests to file a motion to withdraw his guilty plea:

> Counsel was retained to represent Petitioner soon after indictment. [Doc. 11-6 at 32]. Counsel spent countless days working on Petitioner's case, in that counsel reviewed discovery, interviewed witnesses, and attempted to challenge Petitioner's confession to law enforcement. [Id. at 41-44]. After a thorough investigation, counsel communicated to Petitioner the strength of the evidence against him, i.e., Petitioner's incriminating remarks and confession to law enforcement, the multiple eyewitnesses to the crime which occurred in "plain daylight," and the fact that the victim was unarmed. [Id. at 34-36, 40-41, 45].

12

. . .

After counsel informed Petitioner of the evidence against him, Petitioner, of his own accord, decided to enter a guilty plea. [Id. at 45, 47-48]. The state was seeking a sentence of life without parole, but counsel advocated for a sentence of life with the possibility of parole. [Id. at 46]. Counsel explained to Petitioner the details of a "non-negotiated" plea and the difference between sentences of life without parole and life with the possibility of parole. [Id. at 47].

At the guilty plea hearing, after Petitioner and his attorney had signed the "waiver of rights" form, the trial court advised Petitioner of his rights on the record of the plea hearing, including his right to a jury trial, right to confront witnesses, and privilege against self incrimination; Petitioner stated that he understood those rights, and that he was freely and voluntarily entering the plea and waiving those rights, without any threats or promises affecting his decision. [Doc. 11-8 at 47-48, 63-68; Doc. 11-9 at 1-3]. Petitioner informed the trial court that he understood the maximum sentence he could receive was life without parole plus ten (10) additional years. [Doc. 11-8 at 47, 66]. Petitioner also informed the trial court at the plea hearing that he was not under the influence of any drugs, alcohol or other substances. [Id. at 64].

. . .

Following the guilty plea hearing, both Petitioner and his mother expressed to counsel their desire to withdraw Petitioner's guilty plea. [Doc. 11-6 at 50-51]. However, counsel did not file a motion to withdraw the plea because he believed such a motion was not in Petitioner's best interests and could have resulted in a life without parole sentence.[1] [Id. at 52, 71].

_____

[1] In fact, attorney Mann specifically testified that he did not think that the additional ten years would "affect the parole board's decision" and that, in his professional opinion, filing a motion to withdraw the plea "would have been ineffective" assistance and "malpractice." [Doc. 11-6 at 52, 71].

13

[Doc. 11-4 at 4-7] (footnotes omitted).  These factual findings are supported by the record as indicated.

After correctly setting forth the Strickland standard, the state habeas court concluded that counsel's decision not to file a motion to withdraw the guilty plea was reasonable, explaining that it credited

> . . . counsel's testimony that he did not file such a motion, despite the request of Petitioner and his mother, because he believed the outcome of such a motion could only further harm Petitioner.  Counsel believed that such a motion, if granted, would only lead to Petitioner receiving a life without parole sentence.  Furthermore, Petitioner testified at the habeas hearing that he wanted to withdraw his guilty plea because he was unhappy with the ten (10) additional years he received for the two gun charges.  [Doc. 11-6 at 10, 14].  Petitioner's assertions that counsel was ineffective for not moving to withdraw his plea can be readily attributed to his apparent dissatisfaction with the consecutive nature of the ten (10) year sentence he received, rather than any genuine lack of understanding of what occurred at the plea hearing.

[Doc. 11-4 at 7-9, 11-12].  The state habeas court also found that petitioner failed to establish prejudice, as he did not show "a reasonable probability that he would have met the manifest injustice required for a guilty plea's withdrawal."  [Id. at 12].  The court stated,

> . . . [T]he record as a whole shows Petitioner entered his guilty plea intelligently and voluntarily, as he was sufficiently apprised of his right to a jury trial, right to confront witnesses against him, and his privilege against self-incrimination, and that he understood that, by entering a guilty plea, he was waiving those rights, without any threats or promises being made, in compliance with Boykin v. Alabama, 395 U.S. 238, 246

> (1969).  Therefore, . . . a motion to withdraw [petitioner's] guilty plea .
> . . would have lacked merit.

[Doc. 11-4 at 12-13].  Lastly, the state habeas court found that petitioner's allegation that counsel abandoned his case was "belied by the record, which shows that counsel diligently represented Petitioner throughout the entire duration of his case and never 'abandoned' Petitioner's interests."  [Id. at 13].

The record supports the state habeas court's factual finding that petitioner's reason for requesting that counsel file a motion to withdraw the guilty plea was his dissatisfaction with the sentence he received, as he did not expect to receive the ten additional years.  [Doc. 11-6 at 10, 14].  However, petitioner's "mere dissatisfaction with his . . . sentence [does] not establish that his trial counsel was deficient" for failing to move to withdraw petitioner's guilty plea.  Andrews v. State, 739 S.E.2d 445, 449 (Ga. Ct. App. 2013).  Moreover, during his plea hearing, petitioner stated that he understood that he faced a possible maximum sentence of life without parole plus ten years, that "the Court [was] not bound by any promises or recommendations and that the Court [could] impose those sentences."  [Doc. 11-8 at 66].  The record further supports the state habeas court's conclusion that petitioner intelligently and voluntarily elected to pleaded guilty.  [Doc. 11-8 at 47-48, 63-68; Doc. 11-9 at 1-3].  As such, the state habeas court correctly concluded that petitioner could not demonstrate prejudice

AO 72A
(Rev.8/82)

because a motion to withdraw his guilty plea would have been unsuccessful.  See Forbes v. United States, Civil Action No. 1:12-cv-1727-WSD, 2013 WL 4046330, at *8 (N.D. Ga. Feb. 13, 2013) (rejecting ineffective assistance of counsel claim based on counsel's failure to timely move to withdraw guilty plea because there was no prejudice as petitioner failed to show reasonable probability that Court would have allowed the guilty plea to be withdrawn ).  Therefore, the state habeas court's rejection of grounds (1)(a) and (1)(e) is correct and entitled to deference pursuant to § 2254(d). See Harrington, 131 S. Ct. at 785; Williams, 529 U.S. at 404-05, 412-13.

## 3.   Grounds (1)(b) and 1(c): Failure to Present Mitigating Evidence at Sentencing

Petitioner next claims that counsel was ineffective for failing to investigate and pursue all defense strategies, including petitioner's military background, medical history, and mental condition, and failing to request a presentence investigation "for potential acquisition of mitigation of punishment evidence."  [Doc. 1 at 5-6].  As to these grounds, the state habeas court made the following pertinent findings of fact:

> During his representation of Petitioner, counsel never had any indication that Petitioner's mental health was a concern or should be raised as a possible defense. [Doc. 11-6 at 39-40, 48].  Counsel believed Petitioner was "clearly cognizant," and this belief was supported in part by multiple eyewitnesses who stated that Petitioner was "cognizant, understanding, and desirous to commit the [murder]."  [Id. at 39]. Petitioner never informed counsel that he was taking Vicodin or that he was taking a drug that affected his thinking.  [Id. at 47].

16

. . .

At the sentencing portion of Petitioner's guilty plea hearing, co-counsel urged the trial court to sentence Petitioner to life with the possibility of parole, arguing that Petitioner's age, extensive military background, medical disability, and lack of any significant prior criminal history made him a good candidate for parole eligibility. [Doc. 11-9 at 20-21, 23-24]. Petitioner also offered an apology to the victim's family for his conduct. [Id. at 19-20].

Counsel did not request a pre-sentence investigation because he did not believe it would have helped Petitioner receive a lesser sentence, as the trial court was bound to sentence Petitioner to some form of life imprisonment with the only question being whether Petitioner would ever be eligible for parole. [Doc. 11-6 at 40]. In response to Petitioner's question, counsel informed the Court that he did not look into the victim's purported "racial past," as counsel did not believe such evidence would have been relevant as a defense or to offer in mitigation. [Id. at 60-61].

[Doc. 11-4 at 5-7]. Again, these findings are supported by the record as indicated.

The state habeas court concluded that petitioner had not established deficient performance by counsel, explaining:

The Court credits counsel's testimony that he thoroughly investigated the case and reviewed potential defenses but saw no basis to request a mental health evaluation or to delve further into Petitioner's military background. To the extent it was relevant, co-counsel informed the trial court of Petitioner's military background at the sentencing portion of the guilty plea hearing. Counsel also saw no legitimate reason to request a pre-sentence investigation.

[Doc. 11-4 at 11]. Additionally, the state habeas court determined that petitioner had "failed to show that if counsel had further investigated any of these matters or raised

17

these issues, there is a reasonable probability that Petitioner would not have pled guilty but would have gone to trial." [Id.]

The Court agrees with the state habeas court's conclusions that petitioner received effective assistance during the sentencing portion of the guilty plea hearing and that petitioner did not show prejudice. Petitioner has not identified any evidence that counsel should have discovered that would have resulted in a lesser sentence, especially since the only question before the sentencing court was whether or not petitioner would ever be eligible for parole. Moreover, petitioner's bare assertion that he would not have pleaded guilty had counsel conducted additional investigation is insufficient to show prejudice. See Roach, 373 F. App'x at 985. Accordingly, the state habeas court's rejection of grounds (1)(b) and (1)(c) is correct and entitled to deference pursuant to § 2254(d). See Harrington, 131 S. Ct. at 785; Williams, 529 U.S. at 404-05, 412-13.

### 4.    Grounds (1)(d) and (3)(a): Allowing Petitioner to Enter Plea while on Vicodin

Finally, the state habeas court concluded that counsel was not deficient for failing to request a mental evaluation and advising petitioner to accept a plea, despite counsel's purported knowledge that petitioner was taking Vicodin. [Doc. 11-4 at 9]. Although the court credited attorney Mann's testimony that he "saw no reason to

18

believe that Petitioner was under the influence of any medications at the time of the guilty plea hearing," [id.], petitioner correctly points out that Mann was not present at petitioner's guilty plea hearing, [Doc. 11-6 at 38].  Thus, the Court does not rely on Mann's testimony regarding whether petitioner had taken any medications on the morning of his plea hearing.  However, the state habeas court also credited Mann's testimony that petitioner never told Mann that petitioner "was taking Vicodin or any other medications or that such medications affected his ability to think clearly." [Doc. 11-4 at 9].

The state habeas court further stated that it did not credit petitioner's testimony that the Vicodin he purportedly took on the morning of his plea hearing "clouded his thinking." [Id.].  Petitioner called as a witness Dr. Carla Dunbar, the Medical Director at the DeKalb County Jail.  [Doc. 11-8 at 5-6].  The state habeas court found:

> Dr. Dunbar testified that the prescription distribution chart Petitioner showed her at the hearing appeared to be consistent with the charts used at the jail and appeared to show that a nurse initialed that Petitioner was administered Vicodin at 9:00 a.m. on the morning of [petitioner's plea hearing]. [Doc. 11-8 at 13-14, 22-24].  However, Dr. Dunbar, based on her medical experience, testified that, even if Petitioner had taken Vicodin on the morning before his guilty plea, he still would have been able to think on his own and make competent decisions because he had been taking the medication for over a year.  [Id. at 26-27].  Petitioner failed to provide any additional evidence about his actual mental status on the day of the plea hearing.

[Doc. 11-4 at 9-10 (footnote omitted)].  These findings are supported by the record as noted.  The state habeas court then concluded:

> Petitioner's answers at the plea hearing, clearly indicate Petitioner understood the nature and object of the plea proceedings, was able to consult with counsel, was able to assist in his own defense, and that he wanted to enter the plea.  Petitioner's contemporaneous statements at the plea hearing trump his current assertions to the contrary.[2]

[Id. at 10 (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, . . . constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.))].  The state habeas court determined that petitioner had not met either prong of Strickland, as he did not show

> that counsel failed to ensure that Petitioner was conscious and able to make voluntary and knowing decisions at the plea hearing, as the record clearly indicates that petitioner understood what he was doing.  Furthermore, Petitioner [did] not [show] there is a reasonable probability that, but for counsel's purported inaction, Petitioner would not have pled guilty.

[Id. at 10-11].

Petitioner has not shown that the state habeas court's decision was based on an unreasonable determination of the facts or that its rejection of these ineffective

---

[2] As previously noted, petitioner told the court during his plea hearing that he was not "under the influence of any alcohol, drugs, or other substance." [Doc. 11-8 at 64].

assistance claims was contrary to, or involved an unreasonable application of, Strickland. Argo v. Sec'y, Dep't of Corr., 465 F. App'x 871, 874-75 (11th Cir. 2012) (per curiam) ("We presume the state court's determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)); Pair v. Cummins, 373 F. App'x 979, 981 (11th Cir. 2010) (per curiam) ("[T]he habeas petitioner bears the burden 'to show that the state court applied [the applicable clearly established federal law] to the facts of the case in an objectively unreasonable manner.'").  Dr. Dunbar's testimony did not support petitioner's claim that the Vicodin somehow clouded his thinking, and petitioner presented no other evidence regarding his mental state on the day of his plea, and the plea hearing transcript indicates that petitioner "was conscious and able to make voluntary and knowing decisions."  Moreover, as previously noted, "petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under Strickland."  Roach, 373 F. App'x at 985.  Accordingly, the state habeas court's rejection of grounds (1)(d) and (3)(a) is correct and entitled to deference pursuant to § 2254(d).  See Harrington, 131 S. Ct. at 785; Williams, 529 U.S. at 404-05, 412-13.

21

## III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S.

22

113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Based on the foregoing discussion of petitioner's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that petitioner be denied a COA.

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], and a COA be **DENIED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 9th day of October, 2014.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

23