**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TROY D. JOHNSON,

        Petitioner,

v.                                     1:14-cv-1907-WSD

CEDRIC TAYLOR,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [14] ("R&R"), recommending that Petitioner Troy D. Johnson's ("Petitioner") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] ("Federal Habeas Petition") be denied, that a certificate of appealability be denied, and that this action be dismissed. Also before the Court are Petitioner's Objections to the Magistrate's Final Report and Recommendation [17] ("Objections").

## I. BACKGROUND[1]

On December 17, 2009, a DeKalb County grand jury returned an indictment charging Petitioner with one count of malice murder (Count 1), one count of felony murder (Count 2), three counts of aggravated assault (Counts 3-5), and two counts of possession of a firearm during the commission of a crime (Counts 6-7). ([11.8] at 49-61). On September 29, 2010, Petitioner pleaded guilty to Counts 1, 6, and 7, and was sentenced to life plus ten years of imprisonment. ([11.8] at 46-48). Count 5 was nolle prossed and the remaining charges—Counts 2 through 4—were "merge[d]" with Count 1. ([11.8] at 46). Petitioner was represented by attorneys Michael Mann and Robert Citronberg. ([1] at 18; [1.1] at 2; [11.6] at 29-30). Petitioner did not file a direct appeal. ([1] at 3).

On August 11, 2011, Petitioner filed, in the Superior Court of Ware County, his state habeas corpus petition ("State Habeas Petition") challenging his convictions and sentence. ([11.1]). Petitioner argued his counsel rendered ineffective assistance when they (1) failed to comply with Petitioner's request to file a motion to withdraw his guilty plea; (2) failed to investigate and pursue

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

defense strategies, and did not arrange a mental health evaluation for Petitioner; (3) failed to request a presentence investigation or to investigate Petitioner's background; (4) advised Petitioner to enter a guilty plea knowing that he was on prescription medication, which prevented him from intelligently and voluntarily entering the plea; and (5) acted in a manner that was professionally unreasonable by "abandonment." ([11.2]; [11.3]). On April 19, 2013, after conducting two evidentiary hearings on Petitioner's claims, the state court denied Petitioner's State Habeas Petition. ([11.4]-[11.8]).

On May 14, 2014, Petitioner, proceeding *pro se*, filed his Federal Habeas Petition asserting the following grounds for relief:

(1) Petitioner received constitutionally ineffective assistance of counsel when Mr. Citronberg (a) "failed to comply with Petitioner's request—made immediately after the trial court imposed sentencing—to file a motion to withdraw the guilty pleas"; (b) "failed to investigate and pursue all defense strategies"—including Petitioner's military background, medical history, and mental condition—"for potential mitigation of punishment"; (c) "failed to request a pre-sentence investigation for potential acquisition of mitigation of punishment evidence"; (d) "advised Petitioner to accept the guilty plea, while knowing Petitioner was under the influence of a medication which prevented him from intelligently and voluntarily entering said pleas"; and (e) "acted in a manner that was professionally unreasonable, and constituted abandonment, when [he and Mr. Mann] deliberately failed to act on Petitioner's multiple instructions to file a motion to withdraw the guilty pleas";

3

(2) "[t]he trial court judge induced Petitioner into pleading guilty by signifying that he would receive a lesser sentence if he did, and then reneged without prior notice"; and

(3) Mr. Citronberg rendered ineffective assistance by (a) advising Petitioner to enter a guilty plea while Petitioner was under the influence of Vicodin, and (b) erroneously informing Petitioner that his sentences would run concurrently.

(Federal Habeas Petition at 5-13).

On October 9, 2014, the Magistrate Judge issued his R&R, recommending that Petitioner's Federal Habeas Petition be denied, that a certificate of appealability be denied, and that this action be dismissed. On November 4, 2014, Petitioner filed his Objections to the R&R.

## II. LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Petitioner's objections merely repeat—largely word-for-word—the facts and general legal standards stated in the R&R. Petitioner does not identify any specific findings to which he objects, and does not explain the basis of his objections. The Court reviews the R&R for plain error because Plaintiff's objections are "[f]rivolous, conclusive, or general" and do not "specifically identify those findings objected to." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. DISCUSSION

### A. Grounds (2) and (3)(b): Procedural Default

Ground (2) of Petitioner's Federal Habeas Petition asserts that "[t]he trial court judge induced Petitioner into pleading guilty by signifying that he would receive a lesser sentence if he did, and then reneged without prior notice." Ground (3)(b) asserts that counsel erroneously informed Petitioner that his sentences would run concurrently.

"Under Georgia law, a prisoner seeking a writ of habeas corpus vacating his conviction must present all of his grounds for relief in his original petition." Mincey v. Head, 206 F.3d 1106, 1136 (11th Cir. 2000); see O.C.G.A. § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so

raised are waived unless . . . [those grounds] could not reasonably have been raised in the original or amended petition."). This procedural rule is designed to bar successive habeas petitions on a single conviction. See Hunter v. Brown, 223 S.E.2d 145, 146 (Ga. 1976).

The Eleventh Circuit has "repeatedly recognized that not complying with this [Georgia procedural] rule precludes federal habeas review." Mincey, 206 F.3d at 1136; see Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (concluding "that a state habeas court would hold [petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition" and "that those claims [therefore] are procedurally barred from review in this federal habeas proceeding and exhausted."). A petitioner may overcome this procedural default by showing "cause" for the default and resulting "prejudice," or "a fundamental miscarriage of justice." Mincey, 206 F.3d at 1135.

The Magistrate Judge found that Petitioner did not present grounds (2) and (3)(b) in his State Habeas Petition. (R&R at 8). The Magistrate Judge found further that Petitioner does not explain why he failed to raise these grounds in his State Habeas Petition, and that Petitioner does not allege a fundamental miscarriage of justice that excuses his procedural default. (R&R at 9). The Court

6

finds no plain error in these findings. Grounds (2) and (3)(b) are procedurally barred. Cf. Ogle v. Johnson, 488 F.3d 1364, 1370-71 (11th Cir. 2007) (a claim that "could not be raised in a successive state habeas petition . . . is procedurally defaulted").

    B.    Grounds (1) and (3)(a): Ineffective Assistance of Counsel

Grounds (1) and (3)(a) assert claims for ineffective assistance of counsel. The Magistrate Judge found that the state habeas court adjudicated these claims on the merits, and that they are not procedurally barred. (R&R at 10).

A federal court may not grant habeas relief for claims previously adjudicated on the merits by a state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000) (internal quotation marks omitted)). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103. The state court's determinations of factual issues are presumed correct, absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's conduct was "outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "In the context of guilty pleas, . . . . [t]he second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

When this deferential Strickland standard is "combined with the extra layer of deference that § 2254 provides [in federal habeas cases], the result is double

deference and the question becomes whether 'there is any reasonable argument that counsel satisfied Strickland's deferential standard.'" Johnson v. Sec'y, DOC, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting Harrington, 562 U.S. at 105). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id. at 911.

      1.    Grounds (1)(a) and (1)(e): Failure to Withdraw Guilty Plea

Grounds (1)(a) and (1)(e) assert that Petitioner received constitutionally ineffective assistance of counsel when his counsel "failed to comply with Petitioner's request . . . to file a motion to withdraw the guilty pleas." (Federal Habeas Petition at 5-6).

The state habeas court found that Petitioner wished to withdraw his guilty plea only because "he was unhappy with the ten (10) additional years he received for the two gun charges," and not because of "any genuine lack of understanding of what occurred at the plea hearing." (R&R at 14). The state habeas court determined that

> the record as a whole shows Petitioner entered his guilty plea
> intelligently and voluntarily, as he was sufficiently apprised of his
> right to a jury trial, right to confront witnesses against him, and his
> privilege against self-incrimination, and that he understood that, by

9

entering a guilty plea, he was waiving those rights, without any threats or promises being made, in compliance with Boykin v. Alabama, 395 U.S. 238, 246 (1969). Therefore, . . . a motion to withdraw [P]etitioner's] guilty plea . . . would have lacked merit.

(R&R at 14-15).[2] The Magistrate Judge determined that the state habeas court's factual findings were supported by the record and entitled to deference. (R&R at 14-15). The Magistrate Judge further determined that Petitioner's grounds (1)(a) and (1)(e) failed to establish a viable Strickland claim, finding that the state habeas court "correctly concluded that Petitioner could not demonstrate prejudice because a motion to withdraw his guilty plea would have been unsuccessful." (R&R at 15-16).

Given the "double deference" owed to the state court's denial of Petitioner's Strickland claims, the Court finds no plain error in the Magistrate Judge's findings. Petitioner is not entitled to federal habeas relief on grounds (1)(a) and (1)(e). See Forbes v. United States, No. 1:09-CR-0177-3 WSD, 2013 WL 4046330, at *8 (N.D. Ga. Feb. 13, 2013) ("Even if [counsel] was ineffective in refusing to file the motion [to withdraw Forbes' guilty plea] when Forbes requested . . . Forbes cannot show that there is a reasonable probability that, had [counsel] timely filed the

---

[2] Petitioner, at his guilty plea hearing, told the court he understood that he could be sentenced to "life without parole plus ten (10) additional years," that "the Court [was] not bound by any promises or recommendations[,] and that the Court [could] impose those sentences." (R&R at 13, 15; [11.8] at 47, 66).

motion, the Court would have allowed the guilty plea to be withdrawn.");

see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

  2. Grounds (1)(b) and (1)(c): Failure to Obtain or Present Mitigating Evidence for Sentencing

Grounds (1)(b) and (1)(c) assert that Petitioner received constitutionally ineffective assistance when his counsel (i) "failed to investigate and pursue all defense strategies"—including Petitioner's military background, medical history, and mental condition—"for potential mitigation of punishment," and (ii) "failed to request a pre-sentence investigation for potential acquisition of mitigation of punishment evidence." (Federal Habeas Petition at 5-6). In rejecting these claims, the state habeas court made the following findings of fact:

> During his representation of Petitioner, counsel never had any indication that Petitioner's mental health was a concern or should be raised as a possible defense. Counsel believed Petitioner was "clearly cognizant," and this belief was supported in part by multiple eyewitnesses who stated that Petitioner was "cognizant, understanding, and desirous to commit the [murder]." Petitioner never informed counsel that he was taking Vicodin or that he was taking a drug that affected his thinking.

11

> At the sentencing portion of Petitioner's guilty plea hearing, co-counsel urged the trial court to sentence Petitioner to life with the possibility of parole, arguing that Petitioner's age, extensive military background, medical disability, and lack of any significant prior criminal history made him a good candidate for parole eligibility. Petitioner also offered an apology to the victim's family for his conduct.
>
> Counsel did not request a pre-sentence investigation because he did not believe it would have helped Petitioner receive a lesser sentence, as the trial court was bound to sentence Petitioner to some form of life imprisonment with the only question being whether Petitioner would ever be eligible for parole. In response to Petitioner's question, counsel informed the Court that he did not look into the victim's purported "racial past," as counsel did not believe such evidence would have been relevant as a defense or to offer in mitigation.

([11.4] at 5-7).

The state habeas court concluded that Petitioner failed to show his counsel's conduct was deficient:

> The Court credits counsel's testimony that he thoroughly investigated the case and reviewed potential defenses but saw no basis to request a mental health evaluation or to delve further into Petitioner's military background. To the extent it was relevant, co-counsel informed the trial court of Petitioner's military background at the sentencing portion of the guilty plea hearing. Counsel also saw no legitimate reason to request a pre-sentence investigation.

([11.4] at 11). The state habeas court also found that Petitioner failed to show he was prejudiced by counsel's allegedly deficient conduct. ([11.4] at 11).

12

Finding that the state habeas court's factual determinations were adequately supported by the record, the Magistrate Judge agreed that Petitioner failed to show, in grounds (1)(b) and (1)(c), that he received ineffective assistance of counsel. The Magistrate Judge found that Petitioner failed to "identif[y] any evidence that counsel should have discovered that would have resulted in a lesser sentence, especially since the only question before the sentencing court was whether or not petitioner would ever be eligible for parole." (R&R at 18). Given the "double deference" owed to the state court's denial of Petitioner's <u>Strickland</u> claims, the Court finds no plain error in the Magistrate Judge's findings. Petitioner is not entitled to federal habeas relief on the basis of grounds (1)(b) and (1)(c).

        3.    <u>Grounds (1)(d) and (3)(a): Advising Petitioner to Plead Guilty while on Medication</u>

Grounds (1)(d) and (3)(a) assert that Petitioner received constitutionally ineffective assistance when his counsel "advised Petitioner to accept the guilty plea, while knowing Petitioner was under the influence of [Vicodin] which prevented him from intelligently and voluntarily entering said pleas." (Federal Habeas Petition at 6, 11).

In rejecting this claim, the state habeas court found that "Petitioner never informed counsel that he was taking Vicodin or any other medications

or that such medications affected his ability to think clearly." ([11.4] at 9). The state habeas court found, based on expert medical testimony, that "even if Petitioner had taken Vicodin on the morning before his guilty plea, he still would have been able to think on his own and make competent decisions because he had been taking the medication for over a year." ([11.4] at 10). The court determined that "Petitioner's answers at the plea hearing clearly indicate Petitioner understood the nature and object of the plea proceedings, was able to consult with counsel, was able to assist in his own defense, and that he wanted to enter the plea." ([11.4] at 10); see Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.")).[3]

The Magistrate Judge found that the state habeas court's factual determinations are adequately supported by the record and entitled to deference. (R&R at 20); see Argo v. Sec'y, Dep't of Corr., 465 F. App'x 871, 874-75 (11th Cir. 2012) (per curiam) ("We presume the state court's

---

[3] Petitioner told the court, during his plea hearing, that he was not "under the influence of any alcohol, drugs, or other substance." ([11.8] at 64).

14

determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence."). The Magistrate Judge found that expert medical testimony "did not support petitioner's claim that the Vicodin somehow clouded his thinking," that "petitioner presented no other evidence regarding his mental state on the day of his plea," and that "the plea hearing transcript indicates that petitioner 'was conscious and able to make voluntary and knowing decisions.'" (R&R at 21). The Magistrate Judge thus concluded that Petitioner fails, in grounds (1)(d) and (3)(a), to establish ineffective assistance of counsel warranting federal habeas relief. The Court finds no plain error in the Magistrate Judge's determinations. Petitioner's Federal Habeas Petition is denied.

### C. Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."

15

28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

> When the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Magistrate Judge found that a COA should be denied because it is not debatable that Petitioner fails to assert claims warranting federal habeas relief. (R&R at 22-23). The Court finds no plain error in this determination. Petitioner is not entitled to a COA.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the Magistrate's Final Report and Recommendation [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 14th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE